RECEIVED
IN ALEXANDRIA, LA.
SEP 17 2009
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

UNITED STATES OF AMERICA     CRIMINAL ACTION
NO. CR98-10022-01

VERSUS

STEVE WILSON     JUDGE DEE D. DRELL
MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a motion to vacate, set aside, or correct sentence filed on May 26, 2009, pursuant to 28 U.S.C. § 2255, by pro se movant Steve Wilson ("Wilson") (Doc. 44). Wilson is contesting the validity of his 24 month sentence, imposed in the United States District Court for the Western District of Louisiana, Alexandria Division, after revocation of Wilson's sentence of supervised release. Wilson was originally convicted pursuant to a guilty plea entered in January 1999 on one count of distribution of cocaine (Docs. 25-30) and sentenced to 72 months imprisonment, five years supervised release, and a $20,000 fine (Doc. 30). Wilson began his supervised released in December 2003 (Doc. 33). In April 2008, Wilson was accused by his probation officer of violating the conditions of his supervised release through possession of a controlled substance, commission of a state crime, and failure to notify the probation officer of a change in residence. In May

2008, Wilson pleaded guilty[1] and he was sentenced to 24 months imprisonment (Doc. 40). Wilson did not file an appeal.

The sole ground for relief raised by Wilson in his Section 2255 motion is that the district judge failed to consider the aggravating and mitigating factors in sentencing Wilson, as required by 18 U.S.C. § 3553. Wilson specified that the district judge erred in denying him an opportunity to present mitigating factors (the right of allocution), and in failing to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offense, the need to promote respect for the law and to provide just punishment for the offense, the need to afford adequate deterrence to criminal conduct, and the need to protect the public from further crimes by the defendant.

This motion is before the undersigned Magistrate Judge for initial review. See 28 U.S.C. § 2255 and Rule 4(b) of the Federal Rules Governing Section 2255 Proceedings For the United States District Courts, which states in part, "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief

---

[1] Wilson states in his brief that he pleaded guilty to one violation pursuant to a written plea agreement (Doc. 45). However, a plea agreement was not filed in this case. Also, the court minutes (Doc. 39) and the judgment (Doc. 40) show that Wilson admitted all three violations and was held to be in violation of the three listed conditions of release.

2

in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate."

## Rule 8(a) Resolution

This court is able to resolve the merits of this Section 2255 application without the necessity of an evidentiary hearing because there is no genuine issue of material fact that is relevant to the claims of the petitioner, and the State court records provide the required and adequate factual basis necessary to the resolution of the Section 2255 application. U.S. v. Green, 882 F.2d. 999, 1008 (5th Cir. 1989); Section 2255 Rule 8(a).

## Law and Analysis

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack". 28 U.S.C. § 2255; United States v. Cates, 952 F.2d 149, 151 (5th Cir.), cert. den., 504 U.S. 962, 112 S.Ct. 2319, 119 L.Ed.2d 238 (1992). The scope of relief under § 2255 is consistent with that of the writ of habeas corpus. Cates, 952 F.2d at 151. Also, U.S.

3

v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).

In the case at bar, Wilson did not appeal his conviction and sentence. Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding. U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). Also, U.S. v. Ressler, 54 F.3d 257, 259 (5th Cir. 1995). A collateral challenge may not do service for an appeal. After conviction and exhaustion and waiver of any right to appeal, the federal courts are entitled to presume that the defendant stands fairly and finally convicted. U.S. v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. den., 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992). Even if a defendant raises a constitutional error, he may not raise an issue for the first time on collateral review without showing both cause for his procedural default and actual prejudice resulting from the error. U.S. v. Mimms, 43 F.3d 217, 219 (5th Cir. 1995), and cases cited therein.

A claim may not be reviewed under §2255 absent a showing of cause and prejudice or actual innocence. U.S. v. Hicks, 945 F.2d 107, 108 (5th Cir. 1991). Moreover, a prisoner who shows the possibility of prejudice may not obtain collateral relief under

§2255 without demonstrating cause for his failure to raise the error at trial or on direct appeal. U.S. v. Shaid, 937 F.2d at 229. Cause is demonstrated by showing objective external factors which prevented the petitioner from having raised the instant claim previously, and actual prejudice resulting from the error. Absent exceptional circumstances, establishment of ineffective assistance of counsel satisfies cause and prejudice. U.S. v. Acklen, 47 F.3d 739, 742 (5th Cir. 1995).

First, alleged violations of Fed.R.Cr.P. rule 32, such as failure to consider aggravating and mitigating factors when imposing sentence, including failure to afford the defendant his right of allocution, that could have been raised on direct appeal or through a Rule 35 motion to correct sentence are not cognizable for the first time in a Section 2255 proceeding. U.S. v. Weintraub, 871 F.2d 1257, 1266 (5th Cir. 1989); U.S. v. Gardner, 480 F.2d 929 (10th Cir. 1973, cert. den., 414 U.S. 977 (1973). Also, U.S. v. Prince, 868 F.2d 1379, 1386 (5th Cir.), cert. den., 493 U.S. 932, 110 S.Ct. 321, 107 L.Ed.2d 312 (1989). Erroneous application of the sentencing guidelines does not state a constitutional claim or a jurisdictional claim of error cognizable under § 2255; it is an application of statutory law. Grant v. U.S., 72 F.3d 503, 505-6 (6th Cir.), cert. den., 517 U.S. 1200, 116 S.Ct. 1701 (1996); U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). Also, U.S. v. Payne, 99 F.3d 1273, 1281 (5th Cir. 1996). Also, denial of the Rule 32

right of allocution to present mitigating evidence is not generally cognizable in a Section 2255 motion. Hill v. U.S., 368 U.S. 424, 82 S.Ct. 468 (1962)(denial of the right of allocution is not an error which is jurisdictional, constitutional, a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure); Ludden v. U.S., 972 F.2d 347, *2( 6th Cir. 1992); U.S. v. Turner, 741 F.2d 696, 698 n.3 (5th Cir. 1984). Therefore, Wilson has not alleged the violation of a constitutional right.

Also, Wilson has not shown cause or prejudice for failing to raise this claim on appeal or in a Rule 35 motion, nor has Wilson raised this claim in his Section 2255 motion in the context of an ineffective assistance of counsel claim (which would satisfy cause and prejudice). Therefore, Wilson's claims are procedurally defaulted.

Accordingly, Wilson's Section 2255 motion should be denied.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Wilson's Section 2255 motion to vacate, set aside, or correct sentence (Doc. 44) be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another

party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 17th day of September, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE